# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-20635-GAYLES

**AEGIS CAPITAL CORPORATION,**

    Petitioner,

v.

**MICHAEL COHEN,**

    Respondent.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Respondent Michael Cohen's Motion to Vacate Arbitration Award (the "Motion") [ECF No. 22] and Petitioner Aegis Capital Corporation's ("Aegis") Petition for an Order Confirming Arbitration Award and Entry of Judgment (the "Petition") [ECF No. 1]. The Court has considered the Motion, the Petition and the record and is otherwise fully advised. For the following reasons, the Motion is denied, the Petition is granted, and the Award is confirmed.

This is a dispute over an arbitration award. Michael Cohen was a broker who at one time worked for Aegis. When hired, Cohen signed a promissory note (the "Note") with Aegis for $200,000.00 with the understanding that the Note would be forgiven once he generated three million dollars in gross production. Aegis terminated Cohen after almost three years.

Cohen initiated arbitration through the Financial Industry Regulatory Authority ("FINRA") against Aegis for breach of contract, fraud in the inducement, unjust enrichment, and breach of the obligation of good faith and fair dealing. Aegis asserted a counterclaim seeking return of unpaid debt owed on the Note, alleging that Cohen had not generated the three million dollars

he had guaranteed: he was $63,134.00 short. The parties arbitrated this matter for almost two years. On February 12, 2019, the arbitrators entered an arbitration award for compensatory damages and attorney's fees in favor of Aegis and against Cohen (the "Award").

Aegis then filed this action to confirm the Award. [ECF No. 1]. Cohen immediately moved to stay these proceedings, arguing that his time to move to vacate the Award had not elapsed, and shortly thereafter filed the instant Motion. Cohen argues that the Award was flawed for two reasons. First, he argues that the FINRA arbitration panel (the "panel") displayed evident partiality and bias in Aegis's favor because the panel refused to move a hearing to accommodate Cohen's counsel's trial schedule and because the Chairperson made a statement referencing Aegis's counterclaim that reflected prejudgment of the case. [ECF No. 22, at 4]. Second, Cohen argues, without any specificity, that the panel imperfectly executed their powers by disregarding his evidence. *Id.*

The Court instructed Cohen to file the panel's decision and hearing transcript, as well as a brief detailing specific instances in which the panel exhibited bias, prejudgment, and/or imperfect execution. [ECF No. 26 (citing 9 U.S.C. § 10(a)]. Cohen responded with a copy of the decision, but no citations as the Court requested.[1] Cohen's case therefore rests on the arguments in his Motion.

Cohen has not met either the evident partiality or the imperfect execution standards of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a)(2), (4). *Original Appalachian Artworks, Inc. v. JAKKS Pac., Inc.*, 718 F. App'x 776, 780 (11th Cir. 2017) ("[A] party seeking to vacate an arbitrator's award has the burden of establishing the existence of a specific statutory ground for

---

[1] The parties note that, while arbitration tapes are available, no official transcript has been made or requested by either party. The Court cannot review what it does not possess.

2

vacatur."). "Because arbitration is an alternative to litigation, judicial review of arbitration decisions is among the narrowest known to the law." *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007) (quotation omitted). Indeed, "[t]he Federal Arbitration Act expresses a presumption that arbitration awards will be confirmed." *Aviles v. Charles Schwab & Co.*, 435 F. App'x 824, 827 (11th Cir. 2011) (citing *Booth v. Hume Pub., Inc.*, 902 F.2d 925, 932 (11th Cir. 1990)).

Those seeking to overturn an arbitration award on the grounds of evident partiality must show that the alleged partiality was "direct, definite and capable of demonstration rather than remote, uncertain and speculative." *Lifecare Int'l, Inc. v. CD Med., Inc.*, 68 F.3d 429, 433 (11th Cir. 1995) (quoting *Middlesex Mut. Ins. Co. v. Levine*, 675 F.2d 1197, 1201 (11th Cir. 1982)), *opinion modified and supplemented,* 85 F.3d 519 (11th Cir. 1996). Accordingly, the mere appearance of bias or partiality is not enough to set aside an arbitration award. *Id.* Rather, "[t]he party seeking vacatur must point to evidence of an actual conflict of interest or identify a business or other connection that might create a reasonable impression of possible bias that the arbitrator failed to disclose." *Aviles*, 435 F. App'x at 828–29; *see also Citigroup Global Mkts., Inc. v. Berghorst*, No. 11-80250-CIV, 2012 WL 5989628, at *4–5 (S.D. Fla. Jan. 20, 2012) (evident partiality existed where arbitrator had been terminated for cause by one party to arbitration and arbitrator failed to disclose that history). Cohen's challenge to the panel's refusal to move a hearing and to one comment by the Chairperson referencing the Note—the lynchpin of Aegis's counterclaim—does not survive under this standard as Cohen has not identified either an actual conflict or other connection creating a reasonable impression of partiality.[2]

---

[2] Cohen did not argue that the award should be vacated under 9 U.S.C. § 10(a)(3), which allows vacatur where "the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy."

3

Cohen also argues that the panel imperfectly executed their powers by disregarding his evidence. But the Court may not vacate an award because a party disagrees with a panel's evidentiary decisions. *Greene*, 468 S.E. 2d at 354 ("[A] reviewing court is prohibited from weighing the evidence submitted before the arbitrator, regardless of whether the court believes there to be sufficient evidence, or even any evidence, to support the award."). A court may only vacate an award based upon an evidentiary challenge if there was prejudice to the rights of the parties in the arbitration proceedings. *See Aviles*, 435 F. App'x at 828. Merely stating that the panel "disregarded" Cohen's evidence does not, without more, demonstrate prejudice.

Accordingly, because no grounds for vacatur exist, the FAA requires the Court to grant the Petition and confirm the Award. 9 U.S.C. § 9. It is therefore **ORDERED AND ADJUDGED** that:

(1) the Petition for an Order Confirming Arbitration Award and Entry of Judgment [ECF No. 1] is **GRANTED**;

(2) the Award is **CONFIRMED**;

(3) Respondent's Motion to Vacate Arbitration Award is [ECF No. 22] is **DENIED**;

(4) Respondent's Renewed Motion to Stay Proceedings [ECF No. 14] is **DENIED AS MOOT**;

(5) Petitioner shall move for final judgment within fourteen days; and

(6) This case shall be administratively closed.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of December, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

On a review of the record presented, however, the Court finds no evidence of misconduct by the panel in failing to grant an extension of the hearing.